ON PETITIONS FOR REHEARING
CARROLL, DONALD K., Judge.
The appellees-trustees have timely filed a petition for a rehearing of our opinion filed in this appeal on May 30, 1967. Their principal objection to our opinion, as stated in their petition, is that we made a serious mistake in stating in the first sentence of the eleventh paragraph of our opinion the following: “Having held that a confidential relationship existed between the rector and Mrs. Lomas, and that therefore the burden of proof, under the above rule, rested upon the donee to prove the lack of undue influence, the chancellor held that this burden was not met.” The trustees in their petition correctly point out that the chancellor in the final decree appealed from held that the said burden of proof was not met as to the deed of con--veyance to the rector, but also held that the said burden was met as to the trust deed. In the sentence quoted above from our opinion, we had intended to say that the chancellor had held that the said burden had not been met as to the deed of conveyance to the rector, the only party mentioned in the said sentence. Evidently, however, we failed to convey this thought unequivocally, so we think that we should amend this sentence in order to clarify it.
The first requirement of any judicial opinion should be that it is clear and accurate, and, accordingly, we grant the trustees’ petition to the extent of amending the above-quoted first sentence in the eleventh paragraph of our opinion by deleting the period at the end of the said sentence and by adding at the end of that sentence the following: “as to the deed of conveyance to the rector and his wife but was met as to the trust deed.”
The foregoing amendment, however, does not, in our judgment, affect the validity of the remainder of our opinion and, having considered the other points raised in the trustees’ petition, we hold those points to be without substantial merit.
Like the trustees, the other appellees, the rector and his wife, have filed a knowledgeable and helpful petition for rehearing, which petition has been considered and found lacking in substantial merit.
Except as noted above, both petitions for rehearing are denied and our opinion, as amended above, is adhered to.
WIGGINTON, C. J., and RAWLS, J., concur.